| | | |
|---|---|---|
| ALAN WU, | ) ) ) | Case No: 19-cv-08388 |
| Plaintiff, | ) ) ) | DEFENDANTS MOTION IN LIMINE |
| V. | ) ) | |
| ROBIN NASATIR, MICHAEL NASATIR, et al. | ) ) ) | Hon. Judge Sara L. Ellis |
| Defendants, | ) ) ) | |

Daniel F. Konicek (6205408)
Amir R. Tahmassebi (6287787)
Konicek & Dillon, P.C.
21 W. State Street Geneva, IL 60134
(630) 262-9655
dan@konicekdillonlaw.com
amir@konicekdillonlaw.com
Attorney for Plaintiff

Te D. Smith (NJ-229812017)
Smith Attorneys Group at Law P.C.
332 S Michigan Ave Ste 121 #5023
Chicago, IL 60604
(708) 433-9138
tsmith@saglawpc.com
Attorney for Defendants
Michael and Robin Nasatir

___

## DEFENDANTS ROBIN NASATIR AND MICHAEL NASATIR'S EXPANDED MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SEC JUDGMENT AND TESTIMONY REGARDING OWNERSHIP AND OFFICER STATUS OF ROBIN NASATIR

NOW COME the Defendants, Robin Nasatir and Michael Nasatir, by and through their attorneys, SAG LAW P.C., and respectfully move this Honorable Court for an order in limine excluding certain evidence from trial. In support of this Motion, Defendants state as follows:

### I. INTRODUCTION

This Motion in Limine seeks to exclude evidence that is irrelevant, unduly prejudicial, and likely to mislead the jury. Specifically, the Defendants request the exclusion of the following:

1. **The SEC Judgment against Michael Nasatir**: This judgment pertains to a separate regulatory matter and does not relate to the current claims. Its introduction would lead to significant unfair prejudice against Michael Nasatir, potentially causing the jury to infer guilt or wrongdoing in the present case based solely on the prior judgment.

1

2. **Testimony or Evidence Alleging Robin Nasatir's Ownership or Officer Status in Southern Cross Resources Group, Inc.**: The Plaintiff has failed to produce any documentary evidence to substantiate claims that Robin Nasatir was an owner or officer of the company. In contrast, the Defendants can provide clear documentation proving that Robin Nasatir did not hold such a position. Allowing baseless testimony or evidence would only serve to confuse and mislead the jury.

## II. LEGAL STANDARD

Motions in limine are vital procedural tools used in civil litigation to preclude the introduction of evidence that may cause undue prejudice, confusion, or waste of time. The admissibility of evidence is governed by the Federal Rules of Evidence.

- **Federal Rule of Evidence 401** defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence," and that fact must be of consequence in determining the action. However, relevance alone is insufficient if the potential for prejudice or confusion outweighs its probative value.

- **Federal Rule of Evidence 403** provides that the court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. This rule is designed to prevent the jury from being influenced by evidence that could lead to a decision based on emotion or improper reasoning rather than facts.

- **Federal Rule of Evidence 404(b)** restricts the use of prior acts to prove a person's character or propensity to commit the act in question. Evidence of prior acts is generally inadmissible when introduced solely to suggest that a party acted in conformity with past behavior, as it risks unfairly prejudicing the jury.

- **Federal Rule of Evidence 602** requires that a witness must have personal knowledge of the matter about which they testify. This rule ensures that testimony is based on direct knowledge rather than speculation or hearsay.

- **Federal Rule of Evidence 901** mandates that evidence must be authenticated before it can be admitted. The proponent must produce sufficient evidence to support a finding that the item is what it claims to be.

## III. EXCLUSION OF SEC JUDGMENT AGAINST MICHAEL NASATIR

### A. The SEC Judgment is Irrelevant to the Current Case

The SEC judgment entered against Michael Nasatir in *Securities and Exchange Commission v. Southern Cross Resources Group, Inc., Michael A. Nasatir, and Andrew L. Madenberg* (Case No. 15-cv-11506) is unrelated to the specific claims in this lawsuit. The judgment involves regulatory violations distinct from the fraud and RICO allegations made by Plaintiff Alan Wu. As such, it fails to meet the relevance standard under Federal Rule of Evidence 401.

## B. The SEC Judgment Should Be Excluded Under Rule 403 Due to Its Prejudicial Effect

Even if the Court finds some relevance in the SEC judgment, its admission would cause substantial unfair prejudice to Michael Nasatir. The jury may improperly assume that because a judgment was entered against him in a prior case, he is more likely to have committed the acts alleged in this case. This is exactly the type of unfair prejudice that Rule 403 seeks to prevent.

Moreover, the judgment was entered without an admission of liability by Michael Nasatir, further diminishing its probative value while increasing the potential for prejudice. Courts consistently exclude such evidence where the risk of unfair prejudice outweighs its limited relevance, as highlighted in *Old Chief v. United States*, 519 U.S. 172, 180-185 (1997).

## IV. EXCLUSION OF TESTIMONY OR EVIDENCE REGARDING ROBIN NASATIR'S OWNERSHIP OR OFFICER STATUS

### A. Plaintiff Has Failed to Produce Documentary Evidence Supporting These Claims

The Plaintiff's allegations that Robin Nasatir was an owner or officer of Southern Cross Resources Group, Inc. lack documentary support. In contrast, the Defendants can provide clear evidence showing that Robin Nasatir did not hold any ownership interest or officer position within the company. According to Federal Rule of Evidence 602, a witness must have personal knowledge of the matter they testify to, and under Rule 901, the evidence must be properly authenticated. The absence of documentary evidence supporting the Plaintiff's claims makes any testimony or evidence regarding Robin Nasatir's role speculative and inadmissible.

### B. Allowing Testimony or Evidence About Robin Nasatir's Alleged Ownership or Officer Status Would Be Prejudicial and Misleading

Permitting testimony or evidence that Robin Nasatir was an owner or officer of the company, without proper documentary support, would unfairly prejudice the jury. The jury could be misled into believing that Robin Nasatir had a more significant role or responsibility within Southern Cross than she actually did, influencing their decision-making on unrelated matters. Such testimony or evidence would also risk confusion, leading the jury to draw improper inferences. This situation is precisely what Rule 403 is intended to prevent.

## V. CONCLUSION

For the reasons set forth above, Defendants Robin Nasatir and Michael Nasatir respectfully request that this Honorable Court grant their Motion in Limine and exclude the following from trial:

1. **Any reference to or evidence of the SEC judgment against Michael Nasatir.** The potential for unfair prejudice, jury confusion, and misleading implications significantly outweighs any minimal relevance this evidence may have.

2. **Any testimony or evidence asserting that Robin Nasatir was an owner or officer of Southern Cross Resources Group, Inc.** Such assertions lack documentary support and are highly prejudicial and misleading, risking an unfair trial for Robin Nasatir.

Respectfully Submitted,

<u>/s/Te D. Smith, Esq.</u>
Te D. Smith (NJ-229812017)
SAG LAW P.C.
332 S Michigan Ave Suite 121 #5023
Chicago, IL 60604
(708) 320-3337
tsmith@saglawpc.com
Attorney for Michael and Robin Nasatir

# **CERTIFICATE OF SERVICE**

I hereby certify that Defendants' Motion in Limine were served on Plaintiff August 26, 2024, through email and the CM/ECF system to:

Daniel F. Konicek (6205408)
Amir R. Tahmassebi (6287787)
Konicek & Dillon, P.C.
21 W. State Street Geneva, IL 60134
(630) 262-9655
dan@konicekdillonlaw.com
amir@konicekdillonlaw.com
Attorney for Plaintiff

Under penalties as provided by law pursuant to Federal Rules of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

/s/Te D. Smith, Esq.
Te D. Smith, Esq.
*Attorney for Defendant*